IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 11, 2005

**LARRY MITCHELL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. P-27009    John P. Colton, Jr., Judge**

_____

**No. W2004-00981-CCA-R3-PC  - Filed April 25, 2005**

_____

The Appellant, Larry Mitchell, appeals the judgment of the Shelby County Criminal Court denying his petition for post-conviction relief. On appeal, Mitchell argues that he was denied his Sixth Amendment right to the effective assistance of counsel. After a review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

Kamilah E. Turner, Memphis, Tennessee, for the Appellant, Larry Mitchell.

Paul G. Summers, Attorney General and Reporter; John L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Andre Thomas, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural Background**

The Appellant is currently serving an effective twenty-four year sentence as a result of his convictions for attempted first degree murder, especially aggravated kidnapping, two counts of aggravated robbery, and theft of property over $10,000. These convictions stem from three separate criminal episodes which occurred on the dates of May 9 and May 14, 2001, in Shelby County. Compelling evidence, including victim identification of the Appellant and fingerprint evidence, linked the Appellant to these crimes. Pursuant to a plea agreement, the Appellant entered guilty pleas to the above offenses on October 28, 2002.

In January of 2003, the Appellant filed a *pro se* petition for post-conviction relief alleging that he was denied the effective assistance of counsel. Following the appointment of counsel and the filing of an amended petition, an evidentiary hearing was held on January 15, 2004. The post-conviction court denied relief by written order of March 25, 2004. This timely appeal followed.

## Analysis

The Appellant argues that his trial counsel was deficient for failing to: (1) provide him with available discovery material; (2) contact material witnesses; (3) conduct a proper investigation; (4) advise him of the elements of the offenses; and (5) file a motion for severance of the offenses. Additionally, the Appellant contends that his guilty pleas were not voluntary because trial counsel coerced him into pleading guilty.

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in the petition. Tenn. Code Ann. § 40-30-110(f) (2003). To support a Sixth Amendment claim of ineffective assistance of counsel, the Appellant must establish that counsel's performance fell below the range of competence of attorneys demanded in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Id*. at 697, 104 S.Ct. at 2069. With a guilty plea, to satisfy the "prejudice" prong, the Appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

## I. Discovery, Witnesses, and Pretrial Investigation

The Appellant contends that trial counsel failed to provide him with discovery material made available by the State. Although raised as a ground for deficient performance, this issue was never developed by the Appellant at the post-conviction hearing. Thus, we are uninformed as to what discovery material the Appellant is referring to and more importantly how this material, if provided, would have produced a different conclusion. Proof of deficient representation by omission requires more than a bare allegation of some lost potential benefit. Notwithstanding the Appellant's

assertions, trial counsel testified that he reviewed all discovery material and the facts of the case with the Appellant on numerous occasions. Trial counsel also testified that after his appointment in the case, he received the Public Defender's entire investigative file and, after reviewing various statements of witnesses in the file, made additional personal contact with other witnesses. He further explained that the State provided "open file" discovery in the case, and, therefore, he had access to the State's witnesses through this source as well. Trial counsel testified that he reviewed the elements of the various offenses with the Appellant, and together they developed the defense strategy which was to be employed if the case proceeded to trial. The post-conviction court, in accrediting the testimony of trial counsel, found that the Appellant's allegations of (1) failing to provide discovery; (2) failing to advise as to the elements of the offenses; and (3) failing to conduct a proper investigation were not supported by the proof. The record does not preponderate against these findings. These issues are without merit.

## II. Motion to Sever

Next, the Appellant contends that trial counsel was deficient because he failed to file a motion to sever the offenses. Severance of offenses is governed by Tenn. R. Crim. P. 8 and 13. Here, Appellant fails to identify which offenses should have been severed, whether joinder of the offenses was permissive as provided by Tenn. R. Crim. P. 8(b), or how the Appellant was prejudiced by trial counsel's failure to pursue severance. With regard to this allegation, the Appellant was required to show by clear and convincing evidence (1) that a motion to sever would have been granted and (2) that there was a reasonable probability that the proceedings would have concluded differently if counsel had performed as suggested. The Appellant clearly has failed to establish either factor. Thus, this issue is without merit. Moreover, as found by the post-conviction court, the Appellant's entry of guilty pleas to the offenses made this issue moot.

## III. Coerced Guilty Plea

Finally, the Appellant argues that his guilty pleas were not knowing and voluntary because trial counsel coerced him into pleading guilty. The Appellant asserts that when he wanted to plead to a twenty-year sentence and could not get it, trial counsel urged him to accept a twenty-five year sentence. Describing the circumstances, he stated, "[trial counsel] kept telling me . . . you need to take this twenty-five, if you don't you're going to trial and get a hundred and ninety-five years." Trial counsel's testimony on this issue differed materially from that of the Appellant. With regard to this issue, the post-conviction court found as follows:

> Counsel submits that he gave Petitioner his honest and professional opinion based upon the facts and situation presented, which is his duty to the client. Counsel submits that upon receiving the first plea offer, he communicated to Petitioner that he did not think it was in Petitioner's best interest to take the offer. Prior to trial, a second plea agreement was offered of 25-years, which was drastically less than the first offer. Counsel negotiated the reduction of an additional year, down to 24-years. Counsel submits that he and Petitioner agreed that taking the offer was the best

resolution.  Also, counsel describes Petitioner as "elated" and stated that Petitioner thanked counsel for "saving him many years in prison".

. . .

Petitioner was given ample opportunity to express any coercion or intimidation brought on by counsel throughout the questioning process of entering the guilty plea. At no time did Petitioner express any such coercion.  Therefore, this Court finds the claim of coercion is without merit and no due process violation exists.

The record supports these findings and the post-conviction court's conclusion that the Appellant has failed to establish that he was denied the effective assistance of counsel or that his pleas of guilty were unknowingly and involuntarily entered.

## CONCLUSION

Based upon the foregoing, we affirm the dismissal of the petition for post-conviction relief by the Shelby County Criminal Court.

_____
DAVID G. HAYES, JUDGES